UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN CARY CARTER,
    Plaintiff,

vs.                                  Case No.: 3:19cv4828/RV/EMT

JAILER WENGART, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff was an inmate of the Escambia County Work Annex (Annex) when he commenced this civil rights action on November 22, 2019 (*see* ECF No. 1). While incarcerated, Plaintiff filed a motion to proceed in forma pauperis (IFP) (ECF No. 22). The court granted Plaintiff's motion pursuant to 28 U.S.C. § 1915 and advised Plaintiff was required to make monthly payments toward the full filing fee as funds became available in his inmate account and that payments were to continue until the filing fee of $350.00 was paid in full (ECF No. 27). According to the docket, the court has received only one payment from Plaintiff, in the amount of $7.50 (ECF No. 30).

On June 9, 2021, Plaintiff notified the court that he was released from custody and residing in Pensacola (ECF No. 38). Then, on July 26, 2021, Plaintiff notified

the court that he moved to Tennessee (ECF No. 39). On September 17, 2021, the undersigned entered an order noting it has a continuing statutory obligation to ensure Plaintiff's allegation of poverty remains true during the pendency of the case. *See* 28 U.S.C. § 1915(e)(2)(A) (requiring the court to dismiss a case at any time if the court determines the allegation of poverty is untrue). Considering the substantial change in Plaintiff's circumstances, the undersigned directed Plaintiff to file an updated financial affidavit advising whether he is now employed and presenting a more accurate depiction of his financial abilities. To that end, the undersigned directed the clerk of court to send Plaintiff an Affidavit of Financial Status approved for use by non-prisoners and allowed Plaintiff thirty days in which to complete and file the Affidavit. The undersigned advised that if Plaintiff no longer wished to pursue this litigation, he should file a notice of voluntary dismissal and that failure to comply with the order would result in a recommendation, "without further notice," that the case be dismissed (ECF No. 40 at 2).

More than thirty days have passed, and Plaintiff has not complied. Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be dismissed without prejudice for failure to prosecute and failure to comply with an order of the court.

Case No.: 3:19cv4828/RV/EMT

2.  That the clerk of court be directed to close this case.

At Pensacola, Florida, this 25th day of October 2021.

> /s/ Elizabeth M. Timothy
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**